**Yan Qin LI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 03–41014–AG.

United States Court of Appeals, Second Circuit.

Oct. 19, 2005.

Theodore N. Cox, New York, New York, for Petitioner.

David J. Kennedy, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York, New York, New York, for Respondent.

PRESENT: McLAUGHLIN, RAGGI, Circuit Judges, and RAKOFF, District Judge.[1]

## SUMMARY ORDER

Yan Qui Li, a citizen of China, petitions this court for review of a BIA order denying her application for asylum and withholding of removal based on a claim that she had suffered and, if returned to China, would again suffer religious persecution. *See* 8 U.S.C. §§ 1158(a), 1231(b)(3).[2] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

When, as in this case, the BIA summarily affirms the decision of an Immigration Judge ("IJ") to deny relief from removal, we review directly the decision of the IJ. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). The IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhang v. United States INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We will not disturb factual findings of the IJ if they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (*per curiam*) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Indeed, "[w]hen a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. United States INS*, 386 F.3d at 73 (quot-

ing *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)).

In this case, the IJ concluded that Li's account of religious persecution was not credible because certain aspects were "implausible," and others were riddled with "inconsistencies." Although Li submits that the conclusion is unsupported by substantial evidence, the record is to the contrary. We cite only a few examples to make this point. Apparently, at her airport and credible fear interviews, Li made no mention of religious persecution as a basis for seeking asylum, instead falsely asserting that she had been the victim of a forced abortion. As the IJ noted, even if the falsehoods were excused because Li claimed that a smuggler had induced her to lie about a forcible abortion, it made "no sense" for her not to have strengthened her asylum claim by reporting that she had suffered religious persecution, if indeed that were true. The IJ further noted inconsistencies between Li's testimony and that of her supporting witness, an uncle who stated that he was close to Li's father, but who had no knowledge of the father having been persecuted and jailed for religious activities, as Li claimed. The IJ further cited an inconsistency between the evidence offered by Li to support her claim of weekly church attendance in the United States—letters from a minister and a friend of her uncle who stated that he drove her to church—and the testimony of her uncle who stated that Li traveled to church by subway and who disclaimed any knowledge of a friend providing car transport. The IJ afforded Li a lengthy adjournment to clarify the record by having the authors of the two letters testify as

1. The Honorable Jed S. Rakoff, of the Southern District of New York, sitting by designation.

2. Li had also unsuccessfully applied for relief from removal pursuant to the United Nations Convention Against Torture ("CAT"). S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85, 8 C.F.R. § 208.16. Because she makes no mention of CAT in her brief on appeal, we deem that claim abandoned.

witnesses but, on the appointed adjourned date, Li produced neither person.

On this record, we conclude that the IJ's conclusion, adopted by the BIA, that Li failed to present a credible claim of religious persecution is supported by substantial evidence.

The petition for review of the BIA's November 7, 2003 order of removal is hereby DENIED.